J-S49009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MUWSA GREEN | |
| Appellant | No. 2255 EDA 2015 |

Appeal from the PCRA Order June 19, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002785-2008
CP-51-CR-0014817-2007

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 21, 2016**

Appellant, Muwsa Green, appeals *pro se* from the PCRA order entered June 19, 2015, in the Court of Common Pleas of Philadelphia County, which denied his second Post Conviction Relief Act Petition.[1] We affirm.

On July 28, 2008, Appellant entered guilty pleas at docket number CP-51-CR-0014817-2007 to Robbery, Rape, Simple Assault, and Carrying a Firearm without a License and at number CP-51-CR-0002785-2008 to one count of Simple Assault and two counts each of Involuntary Deviate Sexual Intercourse and Terroristic Threats. The trial court sentenced Appellant on December 5, 2008. Appellant did not file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

On April 13, 2009, Appellant filed a *pro se* PCRA petition and the PCRA court appointed counsel. Appellant then filed an amended PCRA petition. Appointed counsel later filed a ***Turner/Finley***[2] no-merit letter and requested permission to withdraw. The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing. The PCRA court dismissed appellant's petition on September 16, 2010.

Appellant filed a second *pro se* PCRA petition on October 15, 2013. An Amended petition followed on February 26, 2014. The PCRA court again issued notice of its intent to dismiss without a hearing. The court dismissed the petition on June 19, 2015. This timely appeal followed.

As a threshold matter, we note that the timeliness of a PCRA petition is a jurisdictional requisite. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008). A court cannot hear an untimely petition. **Commonwealth v. Flanagan**, 854 A.2d 489, 509 (Pa. 2004). Therefore, a PCRA petition must be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. **See** 42 Pa.C.S.A. § 9545(b)(3).

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on January 5, 2009,[3] 30 days following the imposition of sentence when the time for filing a direct appeal expired. *See* Pa.R.A.P. 903. Thus, Appellant's petition filed on October 15, 2013, is patently untimely.

The PCRA court did not conduct a timeliness inquiry, but rather dismissed Appellant's petition on the merits. We will address the timeliness issue based on the two exceptions cited in the amended PCRA petition. ***See also Commonwealth v. Wilson***, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*) ("Since Appellant's PCRA petition is untimely, our review focuses on whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply.").

In his amended petition, Appellant purports to invoke the governmental interference and newly discovered evidence exceptions to the

_____

[3] The thirty-day deadline actually ended on January 4, 2009. But January 4 was a Sunday. *See* 1 Pa.C.S.A. § 1908.

PCRA's jurisdictional time bar.[4] Our Supreme Court has repeatedly stated it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. *See*, *e.g.*, *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008).

Regarding his claim of governmental obstruction, Appellant fails to assert in his petition or on appeal in what manner his failure to timely file the petition "was the result of interference by government officials with the presentation of the claim[.]" 42 Pa.C.S.A. § 9545(b)(1)(i). Further, to the extent Appellant's claim can be interpreted to suggest his trial counsel and appointed PCRA counsel in some way prevented the timely filing of his PCRA petition, we note that the PCRA specifically excludes "defense counsel" from the definition of governmental officials for the purposes of invoking the exception. *See* 42 Pa.C.S.A. § 9545(b)(4) ("For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained."). As such, Appellant's bald allegation of governmental interference fails.

Appellant also fails to properly invoke the newly discovered evidence exception under § 9545(b)(1)(ii). Although Appellant argues he was incompetent due to depression and the use of drugs during the time in which

_____

[4] Appellant does not address the applicability of the timeliness exceptions in his appellate brief. However, because Appellant invoked the exceptions in his amended PCRA petition, we will proceed to address their applicability herein.

his right to file a timely PCRA petition had lapsed,[5] he offers no evidence in support of his claim of incompetence. As there simply is no evidence to substantiate Appellant's claim of incompetency, or that the incompetency caused Appellant to be unable to timely file a PCRA petition, this claim cannot qualify as a fact which was previously unknown and could not have been ascertained by the exercise of due diligence. *Cf*. ***Commonwealth v. Cruz***, 852 A.2d 287 (Pa. 2003). More egregiously, Appellant fails to assert that he filed his second PCRA petition within 60 days of becoming sufficiently competent to ascertain the facts upon which his underlying PCRA claims are predicated. Accordingly, Appellant also cannot satisfy the newly discovered evidence exception to the one-year filing period.

Appellant lastly alleges that the PCRA court failed to give adequate notice of its intent to dismiss, ***see*** Pa.R.Crim.P. 907, his first PCRA petition without a hearing, such that he was deprived of the opportunity of filing a timely appeal. This claim fails for multiple reasons. The record belies Appellant's assertion. It is not even an exception to the timeliness requirement. And "[t]he failure to challenge the absence of a Rule 907 notice

---

[5] Our interpretation of Appellant's argument is generous. Appellant actually argues in his brief that he "was incompetent during the state appellate process preventing compliance with state procedural rules." Appellant's Brief at 8. Appellant additionally argues that he was incompetent at the time he entered his guilty plea, but he raises this argument in the context of ineffective assistance of counsel, not in support of a PCRA timeliness exception.

constitutes waiver." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citation omitted).

Appellant has failed to establish that his claims fall within any of the three exceptions to the PCRA's timeliness requirements. Accordingly, we affirm the dismissal of his second PCRA petition.[6]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2016

---

[6] "[W]e may affirm a PCRA court's decision on any grounds if the record supports it." ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).